

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SANDRA PADRON,<br>    Plaintiff,<br><br>v.<br><br>STATE OF ILLINOIS; CIRCUIT COURT OF COOK COUNTY, ILLINOIS; SUPREME CT OF ILLINOIS; APPELLATE COURT OF ILLINOIS; JUDGE Shelvin Hall, in his Official Capacity as Appellate Court Judge; JUDGE Mary Rockford, in her Official Capacity as Appellate Court Judge; Thomas Pallela, ADA Coordinator for Appellate Court of Illinois; JASON JOHNSON, Asst. Attorney General, individually and in his official capacity JUDGE VERONICA MATHEIN, individually and in her Official Capacity as Circuit Judge of the Cook County Circuit Court; JUDGE RAUL VEGA, individually and in his Official Capacity as a Circuit Judge of the Cook County Circuit Court; JUDGE PATRICIA LOGUE, individually and in her Official Capacity as Circuit Judge of the Cook County Circuit Court; JUDGE EVANS, individually and in his Official Capacity as Chief Judge of the Cook County Circuit Court; Keith Sevcik, attorney for the Office of Chief Judge Evans, individually and in his Official Capacity; MILISSA PACELLI, individually) And in her Official Capacity as ADA Coordinator/Court Disability Coordinator for the Circuit Court of Cook; and Lester Barclay, individually, and in his Official Capacity as Child Representative,<br><br>    Defendants. | 1:17-cv-01515<br>Judge John Robert Blakey<br>Magistrate Judge Sidney I. Schenkier<br><br><br>FILED<br><br>FEB 27 2017 TM<br><br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

## COMPLAINT

NOW COMES the Plaintiff, SANDRA PADRON, *pro se*, complaining of the captioned Defendants, and states as follows:

## The Parties

1. The Plaintiff, SANDRA PADRON, was and is a resident of Northbrook, State of Illinois.

2. She is a qualified individual with disabilities as defined by the Americans with Disabilities Act.

3. The Defendant, STATE OF ILLINOIS (hereinafter "State"), operates a system of state courts, including the Circuit Court of Cook County, created by 705 ILCS 35/1, *et. al.*

4. The Defendants, ILLINOIS APPELLATE COURT IN COOK COUNTY, (hereinafter "Appellate Court") is located in Chicago, County of Cook, State of Illinois, and IL Supreme Court of Illinois.

5. The Defendant, CIRCUIT COURT OF COOK COUNTY, ILLINOIS (hereinafter "Circuit Court"), is located in Chicago, County of Cook, State of Illinois. The Circuit Court constitutes a "program or activity" and "public entity" as defined by the Americans with Disabilities Act.

6. The Defendant, JUDGE VERONICA MATHEIN in her Official Capacity as Circuit Judge of the Cook County Circuit Court (hereinafter "JUDGE MATHEIN"), is a Circuit Court Judge in the Cook County Circuit Court presiding over civil matters.

7. The Defendant, JUDGE MATHEIN, presided over the civil case in which the Plaintiff, SANDRA PADRON appeared after the recusal of the Defendant, JUDGE MATHEIN, herself.

8. The Defendant, JUDGE RAUL VEGA in his Official Capacity as Circuit Judge of the Cook County Circuit Court (hereinafter "JUDGE VEGA"), is a Circuit Judge in the Cook County Circuit Court presiding over civil matters.

9. The Defendant, JUDGE VEGA, presided over the civil case over in which the Plaintiff, SANDRA PADRON, appeared after the recusal of the Defendant, JUDGE VEGA, himself.

10. The Defendant, JUDGE PATRICIA LOGUE in her Official Capacity as Circuit Judge of the Cook County Circuit Court (hereinafter "JUDGE MATHEIN"), is a Circuit Court Judge in the Cook County Circuit Court presiding over civil matters.

11. The Defendant, JUDGE LOGUE, presided over the civil case over in which the Plaintiff, SANDRA PADRON, appeared after the recusal of the Defendant, JUDGE LOGUE, herself.

12. The Defendant, JUDGE SHELVIN HALL, presided over the appellate case in which the Plaintiff, SANDRA PADRON, appeared.

13. The Defendant, JUDGE MARY ROCKFORD, presided over the appellate case in which the Plaintiff, SANDRA PADRON appeared.

14. The Defendant, THOMAS PALLELA, individually, and in his Official Capacity as American with Disabilities Coordinator for the Appellate Court of Illinois in Cook County (hereinafter "PALLELA"), at all times relevant served as the ADA Coordinator. American with Disabilities Coordinator is responsible for assisting disabled litigants seeking accommodation, evaluating requests for accommodation.

15. The Defendant, JUDGE TIMOTHY C. EVANS in his Official Capacity as Chief Judge of the Cook County Circuit Court (hereinafter "JUDGE EVANS"), is the Chief Judge in the Cook County Circuit Court. The Defendant, JUDGE EVANS, controls the administrative support provided to judges and makes appointments of administrative staff, including the Court Disability Coordinator.

16. The Defendant, KEITH SEVCIK, individually, and in his Official Capacity as attorney for office of the Chief Judge Evans, in Chicago, in Cook County (hereinafter "SEVCIK"), working alongside and with Milissa Pacelli, (CDC ) also in the Office of the Chief Judge Evans Coordinator.

17. The Defendant, MILISSA PACELLI, individually, and in her Official Capacity as Court Disability Coordinator for the Circuit Court of Cook County (hereinafter "PACELLI"), at all times relevant served as the Court Disability Coordinator, as appointed by the Defendant, JUDGE EVANS. The Court Disability Coordinator is responsible for assisting disabled litigants seeking accommodation, evaluating requests for accommodation, and is the adjudicator of last resort in any grievance submitted to that office.

18. The Defendant, JASON JOHNSON, Assistant Attorney General, individually, and in his Official Capacity as attorney for office of the Il Attorney General in Chicago, in Cook County working alongside and with Milissa Pacelli, (CDC ) also in the Office of the Chief Judge Evans Coordinator.

19. The Defendant, LESTER BARCLAY, individually, and in his Official Capacity as Child Representative, served at Child Representative, and was appointed by Defendant Judge Vega.

## Jurisdiction and Venue

20. This action is brought pursuant to the American with Disabilities Act of 1990, 42 U.S.C. 12181, *et. seq.*, its implementing regulations, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 seeking punitive and compensatory damages.

21. This Court has jurisdiction over the above-captioned action pursuant to 42 U.S.C. 12133 and 12188(b)(1)(B) and 28 U.S.C. 1331.

22. Venue is proper in the District of Illinois pursuant to 28 U.S.C. 1391 because a substantial part of the events or omission giving rise to this claim occurred in this district. ADA claims alleged herein arose within this District. The Court may grant declaratory and injunctive and all other relief necessary to enforce this Decree pursuant to 28 U.S.C. 2201 and 2202.

**Background**

23. In April 2011, the Plaintiff, SANDRA PADRON, was diagnosed with the psychiatric injury Posttraumatic Stress Disorder, PTSD. This disability results in often less visible or invisible symptoms including an easily-triggered startle response, difficulty in logical or critical thinking and inability to verbally communicate.

24. As a result of the Plaintiff's disability, she uses and relies on various communication techniques and/or auxiliary aids and services for meaningful and effective communication with people. In order to communicate with people, she may use flashcards or index cards or other modes of communication. Even with these techniques, the Plaintiff's cognitive ability to engage in debate and advocacy is slower.

25. Stress exacerbates these conditions and symptoms, resulting in high blood pressure and abdominal pain, vomiting...among many other symptoms. In addition, stress worsens the Plaintiff's ability to communicate and think cognitively.

26. Plaintiff Sandra Padron files for accommodations on June 26, 2012 via email and via USPS certified mail.

27. On June 28, 2012, Plaintiff Sandra Padron through her attorney of record informs the court that she has made a request for ADA accommodations and those requests' responses were pending.

28. On June 28, 2012 despite knowing that accommodations were requested and pending and over the objection of plaintiff's counsel, Judge Veronica Mathein proceeded.

29. On June 28, 2012 Judge Mathein allowed the denigrating of this individual with disabilities, and proceeded, on a indigent, homeless individual with disabilities, to enter a court order for imputed child support, and released the court-appointed attorney off the case, and proceeded to place this case Off-call.

30. The Illinois Supreme Court does not accommodate this individual with qualified disability with her required ADA Accommodations needed to have a full fair and equal access to the Illinois courts.

31. Melissa Pacelli received ADA accommodation requests from plaintiff that she failed to adequately respond until Sandra's ADA advocate wrote a certified letter to chief judge Timothy Evans.

32. On or about July 2012, Individual with disability and her ADA advocate asks the office of the chief judge's receptionist for other information or contact information regarding accommodations more than once, which is repeatedly refused.

33. On same day on or about July 2012 Plaintiff's ADA advocate and plaintiff are then provided, by the receptionist at the office of the chief judge office, a small tiny paper with an address, and Sandra is directed to write to the office of the chief judge.

34. Plaintiff, Sandra requested digital recordings, and Judge Mathein denied the request stating that recording devices were not allowed in the courtroom.

35. On or about August 14, 2012Sandra's letter and ADA grievance is properly submitted to AAG Jason Johnson Atty. Gen.'s office, and the ADA coordinator/CDC coordinator.

36. On or about August 21, 2012 the office of the Atty. Gen. disability rights office received a call from plaintiff's ADA advocate calling for director Assistant Attorney General Jason Johnson, and asking for an email response. Plaintiffs advocate learned that Mr. Jason Johnson was gone through Mon. August 20, 2012.

37. On or about Friday, August 24, 2012, Mr. Johnson responds via email stating they received plaintiff's complaint, "the office of the chief judge has requested that you provide a phone number where they can reach you to discuss your court date and accommodations request. They will not be able to provide accommodations… However, you may contact us if you feel you have been denied an accommodation after speaking with the court disability coordinator and judges presiding over your cases."

38. On September 21, 2012, Sandra was informed by Melissa Pacelli via email, that Judge Mathein denied another accommodation of telephonic appearances, "the court has been reminded of this request and will not grant telephonic appearances."

39. On September 21, 2012 Sandra was informed by Melissa Pacelli via email that Judge Mathein denied the absolutely required ADA accommodation for this plaintiff for digital recording of her court proceedings, for herself, an individual with a disability to obtain equal and fair access to the court.

40. On December 19, 2012 Sandra and her ADA advocate informed Judge Mathein that the ADA advocate was only available the following day on December 20, 2012. A court order was issued that that the next court date would be on December 20, 2012.

41. On December 20, 2012, when Sandra and her ADA advocate appeared as ordered by the court the day prior, the Judge Mathein, despite having known on December 19, 2012 that the ADA advocate could **not** be present to court on December 21 but only on December 20, 2012

Judge Mathein stated she changed her agenda and struck the court date of December 20, 2012 (despite ADA advocate's absence) when opposing counsel later came into her courtroom.

42. On December 20, 2012, Judge Mathein stated that opposing counsel and firm desired because they would be filing motion, a court date of December 20, 2012 instead of Dec 19, 2012, so she, Judge Mathein went ahead and struck the December 20, 2012 court date and provided opposing counsel another court order for a court date of December 21, 2012. A new court date was entered for Dec 21, 2012, for which Sandra could not be present and additionally in which no proper nor legal notice was provided to this individual with disabilities (Sandra).

43. On December 20, 2012, this person with disabilities (Sandra) and her ADA advocate, after learning of the details that transpired, went to speak with AAG Jason Johnson, at the office of the Atty. Gen.

44. The following day that would be Friday, December 21, 2012, Judge Veronica Mathein recused, herself from the case without any further explanation, as was after reported to Sandra.

45. On February 26, 2013, Melissa Pacelli informed Sandra that Judge Vega stated that electronic recordings are not allowed in Cook County courtrooms therefore Sandra's ADA accommodations, including this absolutely required accommodation of recordings was denied preventing her equal access.

46. On March 29, 2013, once Sandra found out that her ADA advocate was not available for the court date of April 11, 2013, she filed an emergency motion to get an alternate scheduled date. Judge Vega denied Sandra's motion to continue the April 11, 2013 hearing saying "April 11, 2013 hearing date stands." despite Sandra's ADA advocate not being available.

47. On March 29, 2013, Sandra filed a grievance (inadvertently dated 4/29/13) against the Judge Vega, and since the filing of this grievance his behavior towards Sandra became hostile and retaliatory.

48. Despite being indigent Milissa Pacelli continuously suggested that I Sandra hire a court reporter. My accommodation for electronic recording would have cost nothing, and cause no disturbance in the courtroom.

49. On Dec 23, 2013 Judge Vega does not provide Sandra the needed ADA Accommodation requests absolutely required for fair and equal participatory and testimonial access to court proceedings.

50. On Dec 23, 2013, Judge Vega repeatedly interrupts and allows others to disrupt this individual with disabilities, Sandra, thereby taking advantage of her and her disability which triggers her PTSD, creates anxiety and prevents Sandra from having equal and fair participatory and testimonial access in the proceedings.

51. Despite knowing that I have a disability that is triggered by hostility, Mr. Lester Barclay child rep, continuously and regularly interrupted me in the courtroom.

52. Despite knowing that I have a disability that is triggered by hostility, Lester Barclay approaches Sandra significantly intimidating manner and threatens her in the court house and court rooms.

53. On April 16, 2014, Judge Logue through Melissa Pacelli CDC ADA coordinator stated she denies Sandra's required ADA accommodation of telephonic appearance for her (Sandra) and/or her ADA advocate, despite it not being an undue financial and/or administrative burden.

54. Judge Logue in not granting the required ADA Accommodations submitted, including that of no interruptions for this disabled litigant when attempting to respond for the record, or necessary evidence and testimony, and ADA Accommodations required, supported and substantiated by medical documentation, interrupts and allows others to disrupt this individual with disabilities, Sandra thereby taking advantage of her and her disability which triggers her PTSD, creates anxiety and prevents Sandra from having equal and fair participatory and testimonial access in her court proceedings, thereby also preventing due process.

55. Milissa Pacelli failed to follow policy and procedures guidelines regarding federal ADA accommodations that are federally mandated.

56. Defendant Pacelli was dismissive of my ADA requests. Her oft response was to hire a court reporter.

57. Milissa Pacelli failed to participate in the interactive process with professionals to determine my disability requirements and the need for specific requested ADA accommodations.

58. The Illinois Appellate Court's questionable responses caused Sandra to be concerned about steps being taken.

59. The Illinois Appellate Court's not granting the needed federally protected rights for Sandra, these ADA Accommodations submitted were to be followed up-which they were not- should any question remain, caused and resulted in further injury to this individual with disabilities.

60. Thomas Pallela of the Illinois Appellate Court's Clerk's office, collaborated with Judge Shelvin Hall, in preventing this case from being heard with due process.

61. Keith Sevcik, Elliot Reibman, Katherine Galbraith, attorneys for the Office of the Chief Judge Timothy Evans, working alongside with Milissa Pacelli, ADA Coordinator/CDC in

granting or denying ADA accommodations for individuals with disabilities, in this case Sandra Padron with her needed ADA Accommodations under Title II and Title III, were All emailed simultaneously and were aware of the details of the emails and requests.

62. Keith Sevcik, collaboratively working with M Pacelli, in violation of Americans with Disabilities Federal Laws and by and through their actions caused further injury and damage to Sandra, already struggling with her disability.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT (ALL DEFENDANTS)

63. The Plaintiff, SANDRA PADRON, restates and incorporates paragraphs 1 through 62 as if fully set forth herein as paragraph 63.

64. At all relevant times, there was in effect a federal statute known as the Americans with Disabilities Act, Title II, 42 U.S.C. sec. 12132, which provided that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

65. As previously described, the Plaintiff, SANDRA PADRON, suffers from stress disorders which impacts on her cognitive ability.

66. The Plaintiff's major life activities are limited in that she has trouble speaking, thinking, and with other cognitive functions. In addition, Plaintiff has difficulty interacting with others, particularly when it is a group of individuals. Nevertheless, the Plaintiff could have enjoyed equal access to the Circuit Court with reasonable modifications to the rules, policies and practices; removal of communication barriers; and the provision of auxiliary aids and services.

67. The condition of the Plaintiff is existed at all relevant times.

68. The Defendant, STATE OF ILLINOIS, offers a series of court systems throughout the State of Illinois, including the Defendant, CIRCUIT COURT OF COOK COUNTY, ILLINOIS, which acts through its various agents including all the Defendants.

69. The Defendants are engaged in the service of providing adjudication of disputes, and the Plaintiff, SANDRA PADRON, availed herself of these services.

70. At all times relevant, it was the duty of the Defendants to develop policies for evaluating the disabilities of those availing themselves of the court system, develop policies for providing accommodations to those individuals with a qualified disability, and effectively and non-discriminatorily implementing these policies in accordance with the Americans with Disabilities Act.

71. The Defendant, PACELLI, makes decisions on ADA accommodation requests while the Defendant, PACELLI, "acts solely as a liaison between the individual making the ADA accommodation request and the judge in the case."

72. The Defendant, PACELLI, is responsible for the collection of information on a person's disabilities to present to the Judge for their ADA accommodation decision.

73. The Defendant, JUDGE EVANS, was responsible for the development policies in compliance with the Americans with Disabilities Act.

74. Acting in their Official Capacity, the Defendants were acting on behalf of the government entity, the Defendant, CIRCUIT COURT, APPEALLATE COURT, SUPREME COURT and the Defendant, STATE OF ILLINOIS.

75. In violation of the above-described statute, the Defendants committed one or more of the following acts of omission or commission, which individually or together violate the above-described duty:

a. failed to investigate or understand the disabilities of the Plaintiff;

b. failed to accommodate the cognitive-impairing disabilities of the Plaintiff;

c. required the Plaintiff to engage in a collaborative process with any persons, exacerbating the cognitive-impairing disabilities of the Plaintiff;

d. imposed screening requirements upon the Plaintiff, including the requirement that she articulate her arguments and positions to the judge in hearings, that prevented the Plaintiff was utilizing the services of the Defendants;

e. required the Plaintiff to engage in an "interactive process," exacerbating the cognitive-impairing disabilities of the Plaintiff;

f. failed to provide reasonable accommodations or modifications to the Plaintiff's cognitive-impairing disabilities;

g. failed to notify the Plaintiff of her rights in a meaningful way;

h. failed to provide meaningful access to the courts to those persons without physical impairment, but rather cognitive impairments;

i. failed to provide sufficient training to judicial officers and staff on their duty to provide accommodations to *pro se* litigants; and

j. otherwise failed to provide reasonable accommodations.

76. As a direct and proximate result of the conduct described above, the Plaintiff, SANDRA PADRON, had civil matters before the CIRCUIT COURT negatively affected without having a meaningful opportunity to participate in the advocacy of her position.

77. As a direct and proximate result of the conduct described above, the Plaintiff, SANDRA PADRON, has suffered an exacerbation of her disabilities as well as emotional distress, depression, and confusion.

## COUNT II
### VIOLATION OF REHABILITATION ACT (ALL DEFENDANTS)

78. The Plaintiff, SANDRA PADRON, restates and incorporates paragraphs 1 through 77 as if fully set forth herein as paragraph 78.

79. At all relevant times, there was in effect a federal statute known as the Rehabilitation Act of 1973, 29 U.S.C. sec. 794, which provided that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance … ."

80. At all relevant times, the Defendant, CIRCUIT COURT, APPELLATE COURT, and its agents, and Defendants, JUDGE EVANS, and PACELLI, through the Defendant, STATE OF ILLINOIS, received federal funds for, among other projects, "Gaining Experience, Making Strides" from the U.S. Department of Justice's Bureau of Justice Assistance.

81. As previously described, the Plaintiff, SANDRA PADRON, suffers from stress disorders with a physical impact as well as an impact on her cognitive ability.

82. In violation of the above-described statute, for the reasons outlined above, the Plaintiff was excluded from participation in or denied the full benefits of the Circuit court of Cook County's services, programs or activities, or was otherwise discriminated against by the public entity, as well as the Appellate Court. Such exclusion, denial of benefits, and/or discrimination was by reason of the Plaintiff's disability and was intentional.

83. As a direct and proximate result of the conduct described above, the Plaintiff, SANDRA PADRON, had civil matters before the CIRCUIT COURT and APPELLATE COURT were negatively affected without having a meaningful opportunity to participate in the advocacy of her position.

84. As a direct and proximate result of the conduct described above, the Plaintiff, SANDRA PADRON, has suffered an exacerbation of her disabilities as well as emotional distress, depression, and confusion.

WHEREFORE, the Plaintiff, SANDRA PADRON, prays for judgment against the Defendants, a sum of money in excess of the jurisdictional limitations of the United States District Court for the Northern District of Illinois, attorney's fees, and her costs of suit with any other additional relief that this Court may deem proper and just.

Respectfully Submitted,

*/s/ Sandra Padron*
Sandra Padron, Pro Se    2/27/17

Jury Demand

85. SANDRA PADRON
86. PO Box 415
87. Northbrook, Illinois 60065
88. Sandra-sandra4321@hotmail.com